UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 1:25-cv-12023 |
| ROSE TOWING AND RECOVERY, LLC, **Serve Registered Agent at: Jeremy Bell 2015 W. Fullerton Ave. Chicago, IL 60647** | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| And | ) ) | |
| CRYSTAL CORREA, **Serve at: 2221 N. Harlem Ave. Apt. 2 Chicago, IL 60707** | ) ) ) **)** **)** ) ) | |
| And | ) ) | |
| JANEIDA RIVERA **Serve at: 4851 W. Augusta BLVD APT FL 1 Chicago, IL 60651** | ) ) **)** **)** ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff AmGUARD Insurance Company ("AmGUARD"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and 2202, 28 U.S.C. § 1332, and Rule 57, and for its Complaint for Declaratory Judgment, states as follows:

NATURE OF THE CASE

1

1. AmGUARD Insurance Company issued Rose Towing and Recovery, LLC ("Rose Towing"), a Business Auto Coverage Policy no. K2GP531574, effective October 8, 2024, to October 8, 2025.

2. Rose Towing operates a towing business.

3. Rose Towing represented in its application that it did not perform repossessions.

4. Rose Towing is also required to submit a list of its drivers.

5. On June 4, 2025, Crystal Correa filed a Complaint in the Circuit Court of Cook County, Illinois, case no. 2025L007151 (the "Complaint"), against two of Rose Towing's employees, Jeremy Smajda and Kevin Brumley. A copy of the Complaint is attached hereto as **Exhibit A**.

6. The Complaint alleges that Mr. Smajda and Mr. Brumley attempted to repossess a vehicle while she was in it and that they towed it negligently.

7. Janeida Rivera has also asserted a claim based on the same incident.

8. Neither Mr. Smajda nor Mr. Brumley is included on Rose Towing's driver's list.

9. AmGUARD seeks a rescission of Rose Towing's Policy because it made false statements in its application for insurance, and the false statements were made with an intent to deceive and/or materially affected the acceptance of the risk or hazard assumed by AmGUARD.

10. AmGUARD brings this action seeking to rescind the Policy and that AmGUARD has no duty to defend or indemnify Rose Towing or its employees against Ms. Correa or Ms. Riveria's claims.

PARTIES AND JURISDICTION

11. AmGUARD Insurance Company is an insurance business corporation organized and existing as a citizen under the laws of the State of Pennsylvania. Its principal place of business

is located in Wilkes-Barre, Pennsylvania. AmGUARD is, and at all times relevant was, licensed by the State of Illinois to sell and provide property and casualty and liability insurance policies to Illinois customers.

12. Rose Towing and Recovery, LLC, is an Illinois limited liability company.

13. Upon information and belief, the sole member and manager of Rose Towing is Jason Stevenson, who is a resident and citizen of the State of Illinois.

14. Upon information and belief, Rose Towing is a citizen of the state of Illinois.

15. Upon information and belief, Crystal Correa is a resident and citizen of the State of Illinois.

16. Upon information and belief, Janeida Rivera Correa is a resident and citizen of the State of Illinois.

17. Upon information and belief, Ms. Correa and Ms. Rivera seek damages in excess of $75,000 as Ms. Correa's Complaint seeks damages for "severe and permanent injuries," pain and anguish, and "large sums" for medical bills.

18. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2201, as AmGUARD is seeking a determination of its rights and obligations under the Policy issued to Rose Towing.

19. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332, as the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship among the parties.

20. The Court has personal jurisdiction over Rose Towing, Ms. Correa, and Ms. Rivera because the underlying claims took place in Cook County, Illinois, Rose Towing principally operates in this District, and, upon information and belief, all the defendants are residents of this District.

21. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

22. Rose Towing operates a towing business in and around Skokie, Illinois.

23. Rose Towing completed a Towing Insurance Application on October 3, 2024.

24. In response to a question asking if Rose Towing engaged in repossessions, Rose Towing answered "No."

25. When asked if Rose Towing engaged in anything other than towing, Rose Towing answered "No."

26. When asked if Rose Towing understands that all new drivers must be submitted to the insurance company for approval, Rose Towing answered "Yes."

27. The Drivers List submitted to AmGUARD does not include either Jeremy Smajda or Kevin Brumley.

28. AmGUARD would not have issued the Policy had it known that Rose Towing was engaged in repossession operations.

29. On or about April 15, 2025, Jeremy Smajda and Kevin Brumley attempted to repossess a 2019 Jeep Grand Cherokee.

30. Janeida Rivera is the owner of the 2019 Jeep and drove it at the time of the accident. Crystal Correa was a passenger in Ms. Rivera's vehicle.

31. At the time of the accident, Mr. Smajda attempted to tow the Jeep while Mr. Brumley used another vehicle to keep it blocked in place.

32. Ms. Rivera and Ms. Correa allege that they were in the Jeep before Mr. Smajda first attempted to tow it.

4

33. Rose Towing has represented that Mr. Rivera and Ms. Correa jumped in the vehicle after Mr. Smajda started trying to tow it.

34. Ms. Riveria attempted to evade the tow truck. In doing so, she struck the back of the tow truck, the front of another parked vehicle, and the front of Mr. Brumley's vehicle.

35. The owner of another parked vehicle also told police that the tow truck hit his vehicle during this incident.

36. On June 4, 2025, Crystal Correa filed a Complaint in the Circuit Court of Cook County, Illinois.

37. The Complaint alleges that Mr. Smajda and Mr. Brumley attempted to repossess the vehicle while she was in it and that they towed it negligently.

38. After the incident was reported to AmGUARD, Jason Stevenson confirmed in two emails that Rose Towing was in the process of repossessing the vehicle.

39. In a dash cam video of the incident, a person can be heard shouting that it is a repossession.

40. The Policy contains the following Concealment or Fraud Condition,

> **SECTION IV – BUSINESS AUTO CONDITIONS**
> The following conditions apply in addition to the Common Policy Conditions:
> * * *
> **B.     General Conditions**
> * * *
>     **2.     Concealment, Misrepresentation Or Fraud**
>     This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceals or misrepresents a material fact concerning:
>     **a.**     This Coverage Form;
>     **b.**     The covered "auto";
>     **c.**     Your interest in the covered "auto"; or
>     **d.**     A claim under this Coverage Form.

A copy of the Policy is attached as **Exhibit B**.

41. The Policy contains the following Unreported Drivers Notice,

> \* \* \*
> ALL NEW OPERATORS AND DRIVERS HIRED OR DESIGNATED DURING THE TERM OF THIS POLICY MUST BE IMMEDIATELY REPORTED TO THE COMPANY. YOUR SCHEDULE OF DRIVERS IS MATERIAL TO THE RISK WE INSURE. YOUR FAILURE TO REPORT A NEW OPERATOR OR DRIVER IS A MATERIAL MIS-REPRESENTATION OF THE RISK WE INSURE AND INCREASES THE HAZARD INSURED AGAINST. FAILURE TO REPORT A NEW OPERATOR OR DRIVER MAY RESULT IN CANCELLATION OF YOUR POLICY.
> NEWLY AUTHORIZED OPERATORS AND DRIVERS SHOULD BE REPORTED TO YOUR AGENT.

**Exhibit B**.

## GROUNDS FOR DECLARATORY JUDGMENT

42. AmGUARD incorporates by reference its allegations in paragraphs 1 through 52 as though fully set out herein.

43. Pursuant to the Policy and 215 ILCS 5/154 has a right to seek to rescind a policy where the insured makes a false statement in the written application for a Policy and the false statement is made with an intent to deceive or materially affects the acceptance of the risk or hazard assumed by the insurer.

44. Rose Towing made false statements in its written application by falsely representing that it did not engage in repossessions and failing to disclose that Mr. Smajda and Mr. Brumley are drivers.

45. These false statements were made intentionally as Rose Towing knew what operations it was engaged in and who its drivers were.

46. These false statements materially affected AmGUARD's acceptance of the risk or hazard because it would not have issued the Policy or have charged a different premium based on the increases risks.

47. AmGUARD has the right to rescind the Policy based on the misrepresentations.

48. There is no coverage available for the claims under the AmGUARD Policy because it is void based on the misrepresentations.

49. AmGUARD seeks a declaration that there is no coverage under the Policy.

50. AmGUARD has no other adequate remedy at law.

51. This Court "may declare the rights and other legal relations of any interested parties seeking such declaration" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), with respect to the Policy issued by AmGUARD, and all above-referenced parties are interested parties with respect to coverage under the Policy issued by AmGUARD.

WHEREFORE, Plaintiff AmGUARD Insurance Company prays that this Court declare the rights of the parties under the Policy and enter judgment finding and declaring that the Policy is rescinded and null and void and that AmGUARD has no duty to defend or indemnify Rose Towing against Ms. Correa or Ms. Riveria, and for any such further relief this Court deems just and proper.

Respectfully Submitted,
/s/ *Jonthan B. Morrow*
**KNIGHT NICASTRO MACKAY**
Jonathan B. Morrow, IL #6291832
319 N 4th Street, Suite 300
St. Louis, MO 63102
(314) 690-4757 (Phone)
(816) 396-6233 (Fax)
jmorrow@knightnicastro.com
***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 1st day of October, 2025, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                                 */s/Jonathan B. Morrow*